**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| QUINTON ADAMS,        : | |
| :  | |
| Petitioner,         : | |
| :  | |
| v.                   : | CASE NO.: 1:12-CV-160 (WLS) |
| :  | |
| DAVID FRAZIER, Warden,   : | |
| :  | |
| Respondent.         : | |
| :  | |

**ORDER**

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed May 16, 2013. (Doc. 11.) Therein, Judge Langstaff recommends denying Petitioner's Petition for Habeas Corpus. (*Id.* at 9.) Judge Langstaff's Recommendation provided Petitioner with fourteen days to file an objection. (*Id.* at 9.) With permission from the Court, Petitioner filed an objection on June 3, 2013 and June 14, 2013. (Docs. 12-15.) Because Petitioner sought and obtained leave from the Court to file the objections, they are timely and will therefore be considered by the Court.

On October 23, 2012, Petitioner filed the instant Petition for Habeas Corpus. (Doc. 1.) Therein, he asserted two grounds for habeas relief: (1) ineffective assistance of trial counsel because (a) trial counsel failed to strike jurors who knew the victim's family, (b) failed to impeach witnesses with prior convictions, and (c) failed to object to the prosecutor's improper statements regarding the veracity of witnesses and facts that were not in evidence; and (2) ineffective assistance of appellate counsel because appellate counsel failed to raise on appeal an issue regarding a jury charge. (*Id.* at 5, 7.) The first ground was raised on direct appeal and the Georgia Supreme Court held that trial counsel's performance was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). Likewise, the second ground was raised during state habeas proceedings

1

and the state habeas court found that Petitioner's appellate counsel's performance was not ineffective under the *Strickland* standard.    Judge Langstaff recommends dismissing the Petition because both of Petitioner's asserted grounds for relief were addressed in state proceedings and neither of those proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." (Doc. 11 at 7, 9.)  *See* 28 U.S.C. § 2254(d)(1).

In his first objection, Petitioner "conten[d]s that he met both prongs of the *Strickland v. Washington* standard." (Doc. 13 at 6.)  Petitioner does not address whether the state courts' resolution of his claims involved an unreasonable application of federal law. Whether he met the *Strickland v. Washington* standard is not necessarily determinative of whether he is entitled to habeas relief.  As noted by Judge Langstaff, whether Petitioner is entitled to habeas relief depends on whether the state courts' adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).   Because Petitioner's first objection does not controvert any finding in Judge Langstaff's Recommendation, that objection (Doc. 13) is **OVERRULED.**

In his second objection, Petitioner argues that the jury charge was erroneous under a line of Georgia cases and the failure of appellate counsel to raise that issue on appeal entitles him to relief.  Again, Petitioner fails to address whether the opinion of the state habeas court meets the standard set out in § 2254(d)(1).  The state habeas court identified the ineffectiveness standard in *Strickland v. Washington* as the pertinent standard and found that trial counsel withdrew his objection to the jury charge. Without a valid objection to the jury charge, appellate counsel did not err by failing to raise the jury charge as a trial error.  The Court agrees with Judge Langstaff's finding that "[i]t does not appear, nor has Petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law."

(Doc. 11 at 8.)  For that reason, Petitioner's second objection (Doc. 15) to Judge Langstaff's Recommendation is **OVERRULED.**

Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 11) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Petition for Habeas Corpus (Doc. 1) is **DISMISSED.**

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist would find it debatable that Petitioner is not entitled to relief. The Court therefore **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this  16th   day of May 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

3